# EXHIBIT A



300 Welsh Road, Building One, Ste. 100, Horsham, PA 19044

Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products
TOLL-FREE:1-855-432-8475; www.usacreditlawyer.com
EMAIL: fdavis@usacreditlawyer.com

*Board Certified by the New Jersey Supreme Court as a Civil Trial attorney
**Awarded "Rising Star" by *Pennsylvania Super Lawyers Magazine*

May 29, 2024

MIDLAND CREDIT MANAGEMENT INC.
350 Camino de la Reina-Suite 300
San Diego, CA          92108

RE: Anissa Rementer v Midland Credit Management Inc.
Chester County C.C.P. Docket No.:2024-03149-MJ

Dear Sir/Madam:

    Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of the complaint. Please contact me if you would like to discuss a resolution prior. I can be reached by email or phone at the number listed above.

    At the present time I have flexible settlement authority, but this will diminish once more work is required in this fee shifting case. *See 73 P.S §201-9.2(a) and 15 U.S.C. § 1692k(a)(3)*. Kindly respond at your convenience but prior to the default deadline listed above.

    Please also refrain from any contact with Plaintiff or any third-parties regarding this or any other alleged debts and instead communicate exclusively through my office. Please also ensure that the Plaintiff's credit reports are updated to reflect the fact that no debts are owed and that any/all trade-lines associated with any such reporting are immediately deleted, in accordance with *73 P.S. § 2270.4(b)(5)(viii)* and *15 U.S.C. § 1681I.*

                        Very Truly Yours,

                          Fred Davis, Esq.

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
**CHESTER County**

For Prothonotary Use Only:
Docket No: **2024-04593-MJ**

Filed and Attested by PROTHONOTARY 28 May 2024 11:03 AM C. Luna-Valente

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action | | |
|---|---|---|
| ✔ Complaint | ___ Writ of Summons | ___ Petition |
| ___ Transfer from Another Jurisdiction | | ___ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| ANISSA REMENTER | MIDLAND CREDIT MANAGEMENT INCORPORATED |

| Are money damages requested? ✔ Yes ___ No | Dollar Amount Requested: ✔ Within arbitration limits (check one) ___ outside arbitration limits |
|---|---|
| Is this a Class Action Suit? ___ Yes ✔ No | Is this an MDJ Appeal? ___ Yes ✔ No |

Name of Plaintiff/Appellant's Attorney: fred e davis, IV

___ Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

| TORT (do not include Mass Tort) | CONTRACT (do not include Judgments) | CIVIL APPEALS |
|---|---|---|
| ___ Intentional | ___ Buyer Plaintiff | Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: Discrimination | ___ Dept. of Transportation |
| ___ Premises Liability | | ___ Statutory Appeal: Other |
| ___ Product Liability (does not include mass tort) | ___ Employment Dispute: Other | ___ Zoning Board |
| ___ Slander/Libel/Defamation | ___ Other | ___ Other: |
| ___ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| PROFESSIONAL LIABILITY | ___ Quiet Title | ✔ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |

2024-04593-MJ

| | Other Professional | | |
|---|---|---|---|

*2024-04593-MJ*

# Chester County
## Court of Common Pleas
## Cover Sheet

Docket No:

**2024-04593-MJ**

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney (circle one) |
|---|---|
| **ANISSA REMENTER** | (Name, firm, address, telephone and attorney ID#) |
| 7226 DUGAN ROAD APARTMENT 2  PHILADELPHIA, PA 19111 | **fred e davis, IV** |
| | (855) 432-8475 davis consumer law firm  attorney ID#: 093907 |
| | 300 Welsh Road, Building One-Suite 100, Horsam, PA 19044, US |

| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
|---|---|
| **MIDLAND CREDIT MANAGEMENT INCORPORATED** | |
| 350 CAMINO DE LA REINA SUITE 100  SAN DIEGO, CA 92108 | |

Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action  __ Motion to Confirm Arbitration Award  Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ✔ Yes   __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

**Arbitration Cases Only**

| Arbitration Date | 2024-12-06 |
|---|---|
| Arbitration Time | 09:00:00 |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

File with: Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2024-04593-MJ*

| These cover sheets must be served upon all other parties to the action immediately after filing. |
| Submit enough copies for service. |

*2024-04593-MJ*



Fred Davis, Esq.  ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM
300 Welsh Road,-Bldg One, Suite 100
HORSHAM, PA 19044
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

| | |
|---|---|
| ANISSA REMENTER | COURT OF COMMON PLEAS CHESTER COUNTY |
| *Plaintiff* | |
| v. | CIVIL ACTION |
| MIDLAND CREDIT MANAGEMENT INC./MIDLAND FUNDING, LLC | DOCKET NO.: |
| *Defendant* | |

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

2024-04593-MJ

### CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL & INFO SERVICE

Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL

Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

2024-04593-MJ



Filed and Attested by
PROTHONOTARY
28 May 2024 11:03 AM
C. Luna-Valente

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
300 Welsh Road, Building One, Suite 100
HORSHAM, PA 19044
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| ANISSA REMENTER | COURT OF COMMON PLEAS<br>CHESTER COUNTY |
| *Plaintiff* | |
| v. | CIVIL ACTION |
| MIDLAND CREDIT MANAGEMENT INC./MIDLAND FUNDING, LLC | DOCKET NO.: |
| *Defendant* | |

## COMPLAINT

1. Plaintiff, ANISSA REMENTER, is an adult individual citizen and legal resident of the State of Pennsylvania.

2. Defendant, MIDLAND CREDIT MANAGEMENT INC./MIDLAND FUNDING, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 350 Camino de la Reina-Suite 300, San Diego, CA 92108. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

1

## PARTIES

4. Plaintiff is a "consumer" as that term is defined 73 P.S. § 2270.3 and 15 U.S.C. § 1692(a)(3), as Defendant alleged Plaintiff was obligated to repay and alleged debt an credit card debt.

5. Defendant, MIDLAND CREDIT MANAGEMENT INC./MIDLAND FUNDING, LLC, is a "debt collector" as defined by 15 U.S.C. §1692(a)(6), as it regularly attempts to collect debts and uses different names to collect these debts, with headquarters located at 350 Camino de la Reina-Suite 300, San Diego, CA 92108.

6. Defendant, MIDLAND CREDIT MANAGEMENT INC./MIDLAND FUNDING, LLC, is also a "creditor" as defined by 73 P.S. § 2270.3, as it alleges it is the assignee of the disputed debt.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Throughout the past year, sought to collect $1,168.54 from Plaintiff for a debt it alleged it was owed via assignment from THE BANK OF MISSOURI / MILESTONE.

9. On or about March 12, 2024, Defendant filed suit against Plaintiff for this amount, plus court costs.

10. Defendant's case was assigned Philadelphia Municipal Court docket no.: SC-24-03-12-4047.

11. On or about March 28, 2024, counsel for Plaintiff entered his appearance on behalf of Plaintiff. Plaintiff allegs and avers that Defendant was notified of this via the

Philadelphia Municipal Court's electronic filing system.

12. On or about May 8, 2024, Defendant sent Plaintiff a letter demanding payment of the aforementioned debt, and referenced the same Philadelphia Municipal Court docket number. Defendant's letter dated was sent directly to Plaintiff, and circumvented her counsel, despite Defendant's prior receipt of notification that Plaintiff was represented by counsel. Plaintiff thus alleges and avers that Defendant violated of 73 P.S. §§ 2270.4(a)(1), (2) and(4), and 15 U.S.C. §§ 1692c(a)(1) and d.

13. Plaintiff further alleges and avers that Defendant's attempt to collect fees and interest in excess of 41 Pa. Stat. § 201(a) violates of 73 P.S. §§ 2270.4(a)(5)(ii), (v), 73 P.S. § 2270.4(a)(6)(i), and 15 U.S.C. §§§1692e(2),(10), f(1).

14. Plaintiff alleges and avers that Defendant's failure to inform Plaintiff of the tax and credit reporting consequences of payment is in violation of 73 P.S. §§§§ 2270.4(a)(4), (5)(ii), (v) and (x) and 15 U.S.C §§1692e(2) and (5).

15. Plaintiff alleges and avers that Defendant's claim that Plaintiff can save money by paying, despite his notice that he disputed the debt and she was defending the case, is false and in violation of 73 P.S. § 2270.4(a)(5)(x) and 15 U.S.C. §§§1692e(2),(10), f(1).

16. Plaintiff further alleges and avers that Defendant's coercive and deceptive collection efforts (failing to identify the consequences of breaching the relevant statute of limitations, tax and credit reporting consequences of paying all/part of the alleged debt, etc) are not authorized by law or contract, and were actions which cannot be legally taken. Plaintiff alleges and avers that Defendant thereby violated 73 P.S. § 2270.4(a)(5) (ii) , 73 P.S. § 2270.4(a)(6)(i) and 15 U.S.C. §§§1692e(2),(10), f(1).

3

17. Plaintiff further alleges and avers that despite receiving notice that Plaintiff disputed the debt, Defendant failed to timely notify the relevant credit bureau and update the status of the alleged debt as disputed. Plaintiff alleges and avers that Defendant thereby communicated false credit information about Plaintiff, in violation of 73 P.S. § 2270.4(a)(5)(viii) and 15 U.S.C. §§§1692e(2),(8), f(1).

18. Plaintiff further alleges and avers that he relied upon Defendant's misrepresentations, and this caused her to suffer material, ascertainable losses. Specifically, Defendant's misrepresentations surrounding the alleged debt forced her to incur defense costs which predated this lawsuit. Plaintiff seeks herein to recover those out of pocket costs.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

19. In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

   b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

   c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, ANISSA REMENTER, respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15

4

U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")

  20. In its actions to collect a disputed debt, Defendant violated the FCEUA in one or more of the following ways:

    e. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 73 P.S. § 2270.4(b)(4).

    f. Using misrepresentations or deceptive means to collect a debt in violation of 73 P.S. § 2270.4(b)(5).

    g. Using unfair or unconscionable means to collect a debt in violation of 73 P.S. § 2270.4(b)(6).

    h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FCEUA.

WHEREFORE, Plaintiff, ANISSA REMENTER, respectfully prays for a judgment in an amount not to exceed $50,000.00 as follows:

    a. All actual compensatory damages suffered pursuant to 73 P.S. § 201-9.2;

    b. Statutory damages of $100.00 for each violation of the

FCEA pursuant to 73 P.S. § 201-9.2;

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 73 P.S. § 201-9.2; and

   e. Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ( HEREAFTER "UFTPL")

  21. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

  22. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

  23. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

  24. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

  (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

  (b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

  (b) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

  (d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

25. Plaintiff alleges and avers that Defendant violated the Act by Simultaneously violating the Fair Debt Collection Practices Act, by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct complained of herein amounts to violations of the Fair Credit Extension Uniformity Act, 73 Pa. C.S. § 2270, *et seq,* and are thus a concomitant violation of the Unfair Trade Practices Act.

26. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

## COUNT IV
## INVASION OF PRIVACY
## (HEREAFTER "IOP")

27. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified. Specifically, Defendant intruded into Plaintiff's life and sought to undermine her attorney-client relationship for the purpose of unjust enrichment.

28. Additionally, Defendant sent letters and called Plaintiff, as well as unrelated third-parties, in an effort to collect an alleged debt which Defendants had no right to collect, the purpose of which was to further annoy and harass Plaintiff.

29. Defendant invaded Plaintiff's privacy, with the purpose of harassing Plaintiff into paying a bogus debt. As a result, Plaintiff suffered economic and noneconomic damages and injury as a proximate cause of the intrusion.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, ANISSA REMENTER
300 Welsh Road, Building One, Suite 100
Horsham, PA 19044
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com



Davis Consumer Law Firm
300 Welsh Road
Building One, Ste. 100
Horsham, PA 19044
P: (855) 432-8475
F: (855) 435-9294
E: fdavis@usacreditlawyer.com
www.usacreditlawyer.com | www.usalemonlawyer.com

CERTIFIED MAIL
7022 2410 0000 3838 0608




Retail
U.S. POSTAGE PAID
FCM LG ENV
PHILADELPHIA, PA 19110
MAY 30, 2024
92108
$10.16
RDC 99
S2324A500210-12

Midland Credit Mgt Inc

350 Camino de la Reina

Ste 300

San Diego, CA
92108

RETURN RECEIPT REQUESTED